IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHARRON YVETTE HALL, )<br>Individually and on Behalf of All )<br>Others Similarly Situated, )<br>    ) <br>   Plaintiff, ) <br>    ) <br>v. ) <br>    ) <br>TRUEACCORD CORP., and ) <br>ORION PORTFOLIO SERVICES, LLC, ) <br>    ) <br>   Defendants. ) <br>_____ ) | Civil Action No.: 1:21-cv-02028-RDB |

**DEFENDANT ORION PORTFOLIO SERVICES, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES, Orion Portfolio Services, LLC (hereinafter, "Orion" and "Defendant"), a Defendant in the above-captioned matter, and by through its attorneys, answers Plaintiff's Complaint as follows:

ANSWER TO PRELIMINARY STATEMENT

1. Orion admits that it is the owner of an unpaid account originally owed to Verizon and that this account was later placed with TrueAccord Corp for collection. The remaining allegations set forth in Paragraph 1 of the Complaint relate to legal conclusions to which responses are not required.

2. Orion admits only to have entered a consent order with the State of Connecticut and the written terms of this consent order speak for themselves. Defendant denies Plaintiff's allegations that it is violating any laws.

1

3. Orion admits that Plaintiff is attempting to assert class claims against it for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Md. Code, Com. Law § 13-301, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code, Com. Law § 14-201. Orion denies having violated the FDCPA, the MCPA, or the MCDCPA and further denies that the matter is capable of or appropriate for class certification and adjudication.

## ANSWER TO JURISDICTION AND VENUE

4. Orion admits only that Plaintiff's claims asserted under the FDCPA raise federal questions.

## ANSWER TO PARTIES TO THIS ACTION

5. Orion admits that Plaintiff is an individual. Orion is without sufficient information or knowledge to either admit or deny the remainder of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

6. Orion admits that it is a limited liability company organized under the laws of the State of Georgia. The remaining allegations set forth in Paragraph 6 and its sub-paragraphs a, b, and c relate to multiple legal conclusions to which responses are not required.

7. The allegations set forth in Paragraph 7 relate to a separate Defendant to which Orion is not required to answer.

8. The allegations set forth in Paragraph 8 relate to a separate Defendant to which Orion is not required to answer.

9. The allegations set forth in Paragraph 9 of the Complaint relate to legal conclusions to which responses are not required.

ANSWER TO FACTUAL ALLEGATIONS

10. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. The allegation set forth in Paragraph 13 of the Complaint is admitted.

14. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. The allegations set forth in Paragraph 19 relate to a separate Defendant to which Orion is not required to answer.

20. The allegations set forth in Paragraph 20 relate to a separate Defendant to which Orion is not required to answer.

21. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Orion is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. The allegations set forth in Paragraph 23 relate to a separate Defendant to which Orion is not required to answer.

24. The allegations set forth in Paragraph 24 relate to a separate Defendant to which Orion is not required to answer.

25. The allegations set forth in Paragraph 25 relate to a separate Defendant to which Orion is not required to answer.

26. The allegations set forth in Paragraph 26 relate to a separate Defendant to which Orion is not required to answer.

27. The allegations set forth in Paragraph 27 relate to a separate Defendant to which Orion is not required to answer.

28. The allegations set forth in Paragraph 28 relate to a separate Defendant to which Orion is not required to answer.

29. The allegations set forth in Paragraph 29 relate to a separate Defendant to which Orion is not required to answer.

30. The allegations set forth in Paragraph 30 relate to a separate Defendant to which Orion is not required to answer.

31. The allegations set forth in Paragraph 31 relate to a separate Defendant to which Orion is not required to answer.

32. The allegation set forth in Paragraph 32 of the Complaint is admitted.

33. The allegations set forth in Paragraph 33 relate to a separate Defendant to which Orion is not required to answer.

34. The allegation set forth in Paragraph 34 of the Complaint is admitted.

35. Orion admits that it is does not report debts to credit reporting agencies. The remainder of Paragraph 35 relates to a legal conclusion to which a response is not required.

36. The allegations set forth in Paragraph 36 relate to a separate Defendant to which Orion is not required to answer.

37. The allegation set forth in Paragraph 37 of the Complaint relates to a legal conclusion to which a response is not required.

38. The allegations set forth in Paragraph 38 relate to a separate Defendant to which Orion is not required to answer.

39. The allegations set forth in Paragraph 39 relate to a separate Defendant to which Orion is not required to answer.

40. The allegations set forth in Paragraph 40 relate conduct allegedly undertaken by a separate Defendant to which Orion is not required to answer.

41. Orion denies the allegations set forth in Paragraph 41 of the Complaint.

42. Orion denies the allegations set forth in Paragraph 42 of the Complaint.

43. Orion denies the allegations set forth in Paragraph 43 of the Complaint.

44. Orion denies the allegations set forth in Paragraph 44 of the Complaint.

45. Orion admits that Plaintiff purports to bring this matter as a class action and that a proposed class definition is contained in Paragraph 45. Orion denies that the matter is capable of or appropriate for class certification and adjudication.

46. Orion admits that Plaintiff is the proposed named Plaintiff for a purported class. Orion denies that the matter is capable of or appropriate for class certification and adjudication.

47. Orion denies the allegations set forth in Paragraph 47 of the Complaint.

48. Orion denies the allegations set forth in Paragraph 48 of the Complaint.

49. Orion denies the allegations set forth in Paragraph 49 of the Complaint.

50. Orion denies the allegations set forth in Paragraph 59 of the Complaint including its multiple sub-paragraphs a through h.

51. Orion denies the allegations set forth in Paragraph 51 of the Complaint.

52. Orion denies the allegations set forth in Paragraph 52 of the Complaint.

53. Orion denies the allegations set forth in Paragraph 53 of the Complaint.

54. Orion denies the allegations set forth in Paragraph 54 of the Complaint.

55. Orion denies the allegations set forth in Paragraph 55 of the Complaint.

## ANSWER TO COUNT ONE

56. Orion incorporates by reference its responses as if fully set forth herein.

57. The allegations set forth in Paragraph 57 of the Complaint relate to a legal conclusion to which a response is not required.

58. The allegations set forth in Paragraph 58 of the Complaint relate to a legal conclusion to which a response is not required.

59. Orion denies the allegations set forth in Paragraph 59 of the Complaint.

60. The allegations set forth in Paragraph 60 of the Complaint relate to multiple legal conclusions to which responses are not required.

61. The allegations set forth in Paragraph 61 of the Complaint relate to a legal conclusion to which a response is not required.

62. Orion denies the allegations set forth in Paragraph 62 of the Complaint.

63. Orion admits only that the content of the document(s) referenced in Paragraph 63 of the Complaint speaks for itself.

64. Orion admits only that the content of the document(s) referenced in Paragraph 64 of the Complaint speaks for itself.

65. Orion denies the allegations set forth in Paragraph 65 of the Complaint.

66. Orion denies the allegations set forth in Paragraph 66 of the Complaint.

67. Orion denies the allegations set forth in Paragraph 67 of the Complaint.

68. Orion denies the allegations set forth in Paragraph 68 of the Complaint.

69. Orion denies the allegations set forth in Paragraph 69 of the Complaint.

70. Orion denies the allegations set forth in Paragraph 70 of the Complaint.

71. Orion denies the allegations set forth in Paragraph 71 of the Complaint.

72. The allegations set forth in Paragraph 72 of the Complaint relate to a legal conclusion to which a response is not required.

73. Orion admits that it placed the account at issue with TrueAccord Corp.

74. Orion denies the allegations set forth in Paragraph 74 of the Complaint.

75. Orion denies the allegations set forth in Paragraph 75 of the Complaint.

76. Orion denies the allegations set forth in Paragraph 76 of the Complaint.

## ANSWER TO COUNT TWO

77. Orion incorporates by reference its responses as if fully set forth herein.

78. Orion denies the allegations set forth in Paragraph 78 of the Complaint.

79. Orion denies the allegations set forth in Paragraph 79 of the Complaint.

80. The allegations set forth in Paragraph 80 of the Complaint relate to a legal conclusion to which a response is not required.  Orion denies having violated §1692e of the FDCPA.

81. The allegations set forth in Paragraph 81 of the Complaint relate to a legal conclusion to which a response is not required. Orion denies having violated §1692e(8) of the FDCPA.

82. The allegations set forth in Paragraph 82 of the Complaint relate to a legal conclusion to which a response is not required. Orion denies having violated §1692e(10) of the FDCPA.

83. Orion denies the allegations set forth in Paragraph 83 of the Complaint.

84. Orion denies the allegations set forth in Paragraph 84 of the Complaint.

85. Orion admits that it placed with the account at issue TrueAccord Corp.  Orion denies that it is liable for any violation of law on the part of TrueAccord Corp.

86. Orion denies the allegations set forth in Paragraph 86 of the Complaint.

87. The allegations set forth in Paragraph 87 of the Complaint as to the damage provisions of the FDCPA relate to legal conclusions to which a response is not required.  The remaining factual allegations set forth in Paragraph 87 of the Complaint are denied.

88. Orion denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to plead a claim against Orion upon which relief can be granted.

2. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

3. The conduct of Orion at all times complied with all applicable statutes, regulations and laws; accordingly, the complaint and each purported cause of action alleged therein against Orion is barred.

4. Any act or omission by Trident, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Trident would have no liability pursuant to 15 U.S.C. § 1692k(c).

5. To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

6. Plaintiff lacks Constitutional Article III standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

7. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

8. Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. As such, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq*.

WHEREFORE, Orion prays that it be dismissed with prejudice; that judgment be granted to Orion and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as may be just and equitable.

        THE LAW OFFICES OF RONALD S. CANTER, LLC

        /s/ Bradley T. Canter
        Bradley T. Canter, Esq.
        Bar No. 18995
        200A Monroe St., Suite 104
        Rockville, MD 20850
        Telephone: (301) 424-7490
        Facsimile: (301) 424-7470
        bcanter@roncanterllc.com
        *Attorney for Defendant, Orion Portfolio Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20th, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Service, upon the following CM/ECF parties and participants:

    Jeffery W. Styles
    Washington Legal Group, LLC
    1666 K Street NW, Suite 440
    Washington, D.C. 20006
    jstyles@washlegal.com
    *Attorney for Plaintiff*

And by first class mail:

    TrueAccord Cor.
    c/o Incorp Services, Inc.
    1519 York Road
    Lutherville, MD 21093

                /s/ Bradley T. Canter
                Bradley T. Canter, Esq.
                *Attorney for Defendant, Orion Portfolio Services, LLC*